IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DAN KENNY DELVA, | |
| Petitioner, | CIVIL ACTION NO.: 5:22-cv-43 |
| v. | |
| MERRICK GARLAND; and WARDEN, FOLKSTON ICE PROCESSING CENTER, | |
| Respondents. | |

**REPORT AND RECOMMENDATION**

This matter comes before the Court upon Respondents' two Motions to Dismiss and Petitioner Dan Delva's ("Delva") failure to comply with the Court's August 26, 2022 and January 6, 2023 Orders and this Court's Local Rules. Docs. 4, 7, 18, 19; Local R. 7.5, 11.1. For the following reasons, I **RECOMMEND** the Court **DENY as moot** Respondents' first Motion to Dismiss, doc. 7, **GRANT as unopposed** Respondents' second Motion to Dismiss, doc. 18, and **DISMISS without prejudice** Delva's 28 U.S.C. § 2241 Petition for failure to follow the Court's Orders and Local Rules. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Delva leave to appeal *in forma pauperis*.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Delva his suit is due to be dismissed. As indicated below, Delva will have the opportunity to present his objections to this

## BACKGROUND

On August 9, 2022, Delva filed his 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. The Court directed service of Delva's § 2241 Petition on August 26, 2022, and advised Delva his failure to notify the Court of any change in address would result in the dismissal of his cause of action. Doc. 4. Respondents initially moved to dismiss Delva's § 2241 Petition because his detention was not prolonged unreasonably. Doc. 7. Delva responded to the Motion. Docs. 16, 17. On January 5, 2023, Respondents again moved to dismiss Delva's Petition because Immigration and Customs Enforcement released Delva on an order of release on recognizance and he is no longer in custody. Doc. 18. On January 6, 2023, the Court then issued another Order directing Delva to respond to the Motion to Dismiss. Doc. 19. The Court advised Delva his failure to respond to the Motion to Dismiss within 14 days would result in the dismissal of his Petition based on his failure to respond to an Order of the Court and the granting of the Motion to Dismiss as unopposed. Id. The Clerk of Court mailed this Order to Delva at his last known address, but the mailing was returned as undeliverable, with the notations: "Return to Sender: No Longer Here; Return to Sender, Not Deliverable as Addressed, Unable to Forward." Doc. 20 at 1.

## DISCUSSION

The Court must now determine how to address Delva's failure to comply with this Court's Orders and Local Rules. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS without prejudice** Delva's Petition. I also **RECOMMEND** the Court **DIRECT** the

---

finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Delva leave to appeal *in forma pauperis*.

I.  **Dismissal for Failure to Follow This Court's Orders and Local Rules**

A district court may dismiss a petitioner's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or

---

[2]  In Wabash, the Court held a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  However, in this case, Delva was forewarned of the consequences of failing to respond to Respondents' Motion to Dismiss.  Doc. 19; see also Local R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion.").  In addition, Delva was forewarned his failure to notify the Court of any change in address would result in the dismissal of his cause of action.  Doc. 4; Local R. 11.1.

willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal *without* prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff non-compliance could lead to dismissal).

Delva failed to follow this Court's Orders or Local Rules, despite having ample opportunity to do so and being forewarned of the consequences of his failure to do so. Docs. 4, 19; Local R. 7.5, 11.1. Thus, the Court should **DENY as moot** Respondents' first Motion to Dismiss, **GRANT as unopposed** Respondents' second Motion to Dismiss, and **DISMISS without prejudice** Delva's § 2241 Petition. Doc. 1.

II.   **Leave to Appeal** *in Forma Pauperis*

The Court should also deny Delva leave to appeal *in forma pauperis*. Though Delva has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order

4

of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Delva's failure to follow this Court's Orders and Local Rules, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Delva *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DENY as moot** Respondents' first Motion to Dismiss, doc. 7, **GRANT as unopposed** Respondents' second Motion to Dismiss, doc. 18, and **DISMISS without prejudice** Delva's Petition for failure to follow the Court's Orders and Local Rules.  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Delva leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 23rd day of January, 2023.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA